IN THE UNITED STATES COURT OF INTERNATIONAL TRADE

BEFORE:

| | |
|---|---|
| UNITED STATES, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Court No. 19-125 |
| | ) |
| KATANA RACING, INC. d/b/a WHEEL & TIRE DISRIBUTORS, | ) |
| | ) |
| Defendant. | ) |

## COMPLAINT

The United States, by and through its undersigned attorneys, brings this civil action and alleges the following:

1. This action is brought by the United States on behalf of the Department of Homeland Security, U.S. Customs and Border Protection (CBP), to recover $5,742,483.80 in unpaid duties and fees stemming from violations of 19 U.S.C. § 1592(a), with respect to 386 entries of certain passenger vehicle and light truck (PVLT) tires from China into the United States from November 24, 2009 through August 7, 2012.

2. This Court possesses exclusive jurisdiction over this matter pursuant to 28 U.S.C. § 1582.

3. Defendant Katana Racing, Inc. d/b/a Wheels & Tires Distributors (Katana), is a California corporation with a business address of 14407 Alondra Boulevard, La Mirada, California 90638. During the period of time when Katana was the importer of record as described below in paragraph 10, Katana's business address was 16201 Commerce Way, Cerritos, California 90703.

4. This action is timely pursuant to 19 U.S.C. § 1621. Katana executed a waiver of the statute of limitations for a two-year period commencing on May 15, 2014. On July 15, 2015, Katana signed a second two-year waiver that extended the period of the waiver until July 15, 2017. On October 25, 2016, Katana signed a third waiver for a period "up to and including July 15, 2019."

### *The Undervaluation And Double Invoices*

5. This action involves the underpayment of the safeguard duties, regular customs duties, Harbor Maintenance Fees, and Merchandise Processing Fees, on 386 entries of PVLT tires from China into the United States from November 24, 2009 through August 7, 2012. These entries are identified in Exhibit A.

6. Pursuant to Presidential Proclamation 8414, 74 Fed. Reg. 47,861 (Sept. 14, 2009), the PVLT tires imported from China were subject to global safeguard duties, effective September 26, 2009, for a period of three years. The PVLT tires were subject to the safeguard duties classified under subheadings 4011.1010, 4011.1050, 4011.2010, and 4011.2050 of the Harmonized Tariff Schedule of the United States. Specifically, for the first year, an additional duty was imposed in the amount of 35 percent *ad valorem* above the column 1 general rate of duty. For the second year, the additional duty was imposed in the amount of 30 percent *ad valorem* above the column 1 general rate of duty, and in the third year, the additional duty was imposed in the amount of 25 percent *ad valorem* above the column 1 general rate of duty.

7. The PVLT tires were subject to regular customs duties in the amount of 3.4 percent or 4 percent *ad valorem* during the period of time when Presidential Proclamation 8414 was in effect.

8. The PVLT tires were subject to Harbor Maintenance Fees and Merchandise Processing Fees both assessed at a percentage of entered value. 19 C.F.R. §§ 24.23, 24.24.

9. CBP is responsible for collecting the duties and fees described in paragraphs 6 through 8.

10. Katana is a distributor of high-end wheels and tires, and was the importer of record for all 386 entries.

11. The 386 entries were submitted to CBP with invoices that listed prices lower than what Katana actually paid its Chinese vendors for the PVLT tires.

12. For example, one commercial invoice supplied by a customs broker to CBP during the entry process valued the covered merchandise at $21,220.00. The Chinese tire vendor paid duties of $6,253.84 assessed against the value of the merchandise stated in the invoice supplied at entry, including $5,305.00 assessed as safeguard duties. Another commercial invoice, supplied by Katana to CBP during a regulatory audit, valued the same merchandise at $136,350.00. Using the information reflected in the latter invoice, which is the amount actually paid by Katana to the Chinese tire vendor, the safeguard duties alone should have amounted to $34,087.50.

13. The false statements described in paragraphs 11 and 12 were material because the invoices reflecting the undervaluation of PVLT tires had the potential to affect, and did affect, the amount of safeguard duties, regular customs duties, Harbor Maintenance Fees, and Merchandise Processing Fees calculated as owed. As a result of this undervaluation scheme, Katana, as importer of record, caused the amount of safeguard duties, regular customs duties, Harbor Maintenance Fees, and Merchandise Processing Fees to be undercalculated by $5,742,483.80.

14. Katana did not exercise reasonable care to ensure that these entries, for which Katana is the importer of record, reflected accurate values of the merchandise, and thus Katana violated 19 U.S.C. § 1592(a).

15. As a result of the facts described in paragraphs 8 through 11 above, Katana deprived the United States of lawful duties and fees in the amount of $5,742,483.80, all of which remains unpaid.

### *Katana's Attempted Prior Disclosure*

16. On July 23, 2012, Katana filed a prior disclosure with CBP. On August 31, 2013, Katana supplemented the prior disclosure.

17. In its prior disclosure, Katana disclosed the underpayment of duties and fees due to the undervaluation of entered merchandise.

18. When Katana filed its prior disclosure on July 23, 2012, CBP's Regulatory Audit office had already begun an audit of Katana to determine Katana's compliance with the applicable duties laws.

19. During its audit, CBP's Regulatory Audit office calculated a loss of revenue of $5,742,483.80 resulting from the undervaluation of merchandise.

20. On February 9, 2016, CBP issued a letter to Katana identifying $5,742,483.80 in unpaid duties as the amount needed to perfect Katana's claimed prior disclosure.

21. On March 22, 2016, Katana responded by letter, asserting that it lacked the financial ability to pay the unpaid duties. To date, Katana has failed to tender the $5,742,483.80 in unpaid duties.

*Attempts To Resolve The Loss Of Revenue Administratively*

22. In response to Katana's claim that it lacked an ability to pay the unpaid duties in the amount of $5,742,483.30, CBP requested supporting financial documentation.

23. In April and May 2019, Katana submitted financial statements, balance sheets, and tax returns.

24. After it submitted its tax returns on May 21, 2019, Katana stopped communicating with CBP.  Katana refused to produce a new waiver.

25. In light of the impending expiration of the statute of limitations, CBP made several requests to Katana for a renewed waiver of the statute of limitations.  Katana did not respond to these requests.

*Duty Demand*

26. On June 20, 2019, CBP issued a section 1592(d) duty demand for $5,742,483.80 to Katana.  Exhibit B.

27. On June 26, 2019, and July 2, 2019, Katana responded to the duty demand by purporting to revoke its current statute of limitation waiver and disclaiming liability.

**COUNT I (UNPAID DUTIES)**

28. The allegations contained in paragraphs one through 27 are restated and incorporated herein by reference.

29. Based on its violation of 19 U.S.C. § 1592(a) and under 19 U.S.C. § 1592(d), Katana is liable to the United States for $5,742,483.80 in unpaid duties and fees for the subject entries dated from November 24, 2009 through August 7, 2012.

**PRAYER FOR RELIEF**

**WHEREFORE**, the United States respectfully requests that the Court enter judgment in its favor and against the defendant Katana for unpaid duties and fees in the amount of $5,742,483.80, plus interest and costs provided by law, and such other relief as may be just and appropriate, including any interest provided by law.

|  |  |
|---|---|
|  | Respectfully submitted, |
|  | JOSEPH H. HUNT<br>Assistant Attorney General |
|  | JEANNE E. DAVIDSON<br>Director |
|  | /s/Tara K. Hogan<br>TARA K. HOGAN<br>Assistant Director |
| OF COUNSEL:<br>KAREN HIYAMA<br>Senior Attorney<br>U.S. Customs and Border Protection<br>Office of the Assistant Chief Counsel<br>211 W. Fort Street, Suite 1150<br>Detroit, MI 48226 | /s/ Ashley Akers<br>ASHLEY AKERS<br>U.S. Department of Justice<br>Civil Division<br>Commercial Litigation Branch<br>1100 L Street, NW, Suite<br>Washington, D.C.  20005<br>Phone: 202-353-0521<br>Ashley.Akers@usdoj.gov |
|  | Attorneys for Plaintiff |

July 15, 2019