# Exhibit B

301 E. Ocean Blvd Ste 620
Long Beach, CA  90802

**U.S. Customs and
Border Protection**

JUN 2 0 2019

Case No. 2019270430025201
ARB

Neville Peterson, LLP
Attn: John Peterson
One Exchange Plaza
55 Broadway, Ste 2602
New York, NY 10006

Re:   DEMAND FOR PAYMENT OF DUTY
       Katana Racing, Inc.

Dear Mr. Peterson:

Demand is hereby made of your client, Katana Racing, Inc., pursuant to Title 19, United States Code, Section 1592(d) for payment of $5,742,483.80, representing duties deprived the United States due to violation of Title 19, United States Code, Section 1592(a).  The actions, which constitute the violation, are specified in Exhibit A, enclosed.

Our records reflect that the statute of limitations will begin to expire on 07/15/2019.  As such, a two-year statute of limitations waiver is being solicited and a Statute of Limitations Waiver form is enclosed for your convenience.  The properly executed waiver, along with either an embossed corporate seal or a corporate resolution authorizing execution of the waiver, should be returned to this office.  Due to the short statute date, **any presentation must be made within seven (7) business days from the date of this notice**, as authorized by the provisions of Title 19, Code of Federal Regulations, section 162.78. However, if the properly executed Statute of Limitations Waiver Form is submitted, additional time will be provided in which to deposit or arrange for payment of these duties.  Any determination of actual loss of duties is subject to review upon written application to the Commissioner of Customs and Border Protection.  The payment should be attached to a copy of this letter and forwarded to:

Customs and Border Protection
Fines, Penalties and Forfeitures
301 E. Ocean Blvd.
Long Beach, CA 90802

Failure to comply with the demand within seven (7) days will result in referral for judicial proceedings, and may also result in other sanction actions against your client's company.

Please direct all inquiries to the attention of Paralegal Specialist Anthony Banks, Fines, Penalties and Forfeitures, at the address shown or call (562) 366-5543.

Sincerely,

Andrew V. Sperry
(A)  Fines, Penalties and Forfeitures Officer

Enclosures:
        Exhibit A
        Sample SOL Waiver

## STATUTE OF LIMITATIONS WAIVER S AMPLE
### (Please complete the waiver on the following page)
T.D. 76-33, January 22, 1976

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

NOTE: Waivers of the statute of limitations submitted by a corporation must be signed by an authorized corporate officer, **and must be accompanied** with a duly executed corporate resolution showing such authority.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Case Number: 2019270430025201

Fines, Penalties & Forfeitures Officer
U.S. Customs Service
301 E. Ocean Blvd., 9th Floor
Long Beach, CA  90802

Dear Fines, Penalties & Forfeitures Officer:

(*Name of party*) hereby waives the period of limitations contained in 19 U.S.C. 1621 and any other applicable statute(s) of limitations with respect to (*Number of Entries*) Customs entries of (*Description of Articles(s) Entered*), Entry No(s)._____*(list entry numbers)*_____, and entered at (*Port(s) of Entry*), for a period of 2 (two) years.  The two year period for this (*"initial" or "subsequent"*) waiver commences with the date of (*"execution" or "previous waiver's expiration"*). (*Name of Party*) agrees that it will not assert any statutes of limitations defense in any action brought by the United States Government concerning the (*Number of Entries*) entries designated above with respect to the 2 (two) year period for which the statute of limitations is hereby waived in (*Name of Port*) Case No. (*Case #*).

This waiver is made knowingly and voluntarily by (*Name of Party*) in order that (*Name of Party*) might obtain the benefits of the orderly continuation and conclusions of an administrative proceeding currently being conducted or contemplated by the United States Customs Service, in which the Customs Service is reviewing all of the formal Customs entries, including the (*Number of Entries*) entries designated above of (*Description of Article(s) Entered*) from (*Date of Earliest Entry*) to the present.

Date:_____          By: _____(*Name of Party*)
                                        _____(*Address* of Party)

I hereby acknowledge receipt and acceptance of the above waiver.

Date: _____          _____
                           FP&F Officer

Exhibit A

## DUTY DEMAND STATEMENT

FIELD OPERATIONS: Los Angeles          FP&F CASE NUMBER: 2019270430025201

1.   DESCRIPTION OF MERCHANDISE:  Passenger vehicle and light truck tires classified under 4011.10.10, 4011.10.50, 4011.20.10, 4011.20.50

2.   DETAILS OF ENTRY OR INTRODUCTION:

| DATE OF ENTRY | PORT OF ENTRY | ENTRY NUMBER |
|---|---|---|
| 11/24/2009 – 08/07/2012 (See attached appraisal worksheet) | Los Angeles/Long Beach | (See attached appraisal worksheet) |

3.   LAWS AND REGULATIONS VIOLATED: Title 19 U.S.C. Section 1592(d) for violation of Title 19 U.S.C. Section 1592(a)

4.   FACTS ESTABLISHING THE VIOLATION:

On July 9, 2009, the U.S. International Trade Commission (USITC) issued a report stating that certain passenger vehicle and light truck (PVLT) tires from China were being imported into the United States in such increased quantities or under such conditions as to cause or threaten to cause market disruption to the domestic producers.  To provide import relief with respect to the tires, the President issued Proclamation 8414, which imposed additional duties on imports of PVLT tires from China for three years, effective September 26, 2009 to September 26, 2012.

The subject 386 entries were submitted misclassified and undervalued, and also omitted safeguard duties on PVLTs from China as required by Presidential Proclamation 8414.

On July 23, 2012, Katana submitted a Prior Disclosure, (PD), to the Port of Los Angeles/Long Beach related to potential value and classification errors for Chinese tire imports subject to safeguard duties pursuant to Presidential Proclamation 8414.  Katana admitted to $5,393,570.88 in duties and fees owed to CBP; however, Katana did not tender payment, claiming an inability to pay.  An audit was conducted by CBP to determine whether the loss of revenue, (LOR), identified by Katana related to the PD was accurate and complete, and to determine any additional LOR that may be due to CBP.  Based on the review by CBP, the LOR identified by Katana was inaccurate; the actual LOR was determined to be $5,742,483.80.  A request was issued for the actual LOR of $5,742,483.80 but the payment was not tendered.

5.   LOSS OF REVENUE:  $5,742,483.80 (see attached "Appraisal Worksheet" form.)

6.   Amount of Proposed Duty Demand:  $5,742,483.80.