IN THE UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| UNITED STATES, | ) |
| Plaintiff, | ) |
| v. | ) No. 19-cv-00125-LWW |
| KATANA RACING, INC., *doing business as* Wheel & Tire Distributors, | ) |
| Defendant. | ) |

## SETTLEMENT AGREEMENT

For the purpose of disposing of all claims in United States Court of International Trade No. 19-cv-00125-LWW without any further judicial proceedings, and without there being any further adjudication of fact or law, and without constituting an admission of liability upon the part of any of the parties, and for no other purpose, defendant, Katana Racing, Inc., doing business as Wheel & Tire Distributors (Katana), and plaintiff, the United States, stipulate and agree as follows:

1. On July 23, 2012, Katana filed a prior disclosure with Customs & Border Protection (CBP), supplemented on August 31, 2013, disclosing the apparent underpayment of duties and fees due to the misclassification and/or incorrect valuation of entered merchandise.

2. On June 20, 2019, CBP issued a section 1592(d) duty demand for $5,742,483.80 to Katana. Katana did not pay the duty demand and instead responded by purporting to revoke its statute of limitations waiver and disclaiming liability.

3. On July 15, 2019, the United States filed a complaint against Katana in the United States Court of International Trade, Case No. 19-cv-00125, to recover $5,742,483.80 in unpaid duties and fees stemming from alleged violations of 19 U.S.C. § 1592(a), with respect to 386

1

entries of certain passenger vehicle and light truck tires from China into the United States from November 24, 2009, through August 7, 2012. *See* Compl. & Ex. A, ECF Nos. 2, 2-1 (July 15, 2019). In its answer to the complaint, Katana denied that it was the importer of record for these entries and asserted that it was the victim of alleged identity theft.

4. The parties subsequently entered into negotiations designed to resolve amicably the United States' claims. Katana has offered to settle this case by paying to the United States the sum of $2,350,000.00 (the Settlement Amount) in accordance with Paragraphs 6, 7, and 8 below.

5. Defendant's offer has been accepted on behalf of the Attorney General.

6. Within sixty (60) days after the parties execute this agreement, Katana shall deliver to the United States the initial payment totaling one hundred forty six thousand eight hundred seventy five ($146,875.00) by electronic transfer payable to "United States Department of Justice." If any payment date falls on a weekend or Federal holiday, that payment shall be due on the next business day.

7. Katana shall pay the balance in 15 separate installments, with the first installment payment of $146.875.00 to be paid no later than (1) October 1, 2025. The remaining installments totaling $146,875.00 each shall be paid no later than the following dates: (2) January 1, 2026, (3) April 1, 2026, (4) July 1, 2026, (5) October 1, 2026, (6) January 1, 2027, (7) April 1, 2027, (8) July 1, 2027, (9) October 1, 2027, (10) January 1, 2028, (11) April 1, 2028, (12) July 1, 2028, (13) October 1, 2028, (14) January 1, 2029, (15) April 1, 2029. If any payment date falls on a weekend or Federal holiday, that payment shall be due on the next business day.

8. Katana shall make the initial payment specified in paragraph 6 above, and all installment payments specified in paragraph 7 above, by means of electronic transfer in accordance with the instructions for "FEDWIRE Electronic Funds Transfer to the United States Department of Justice," a copy of which was furnished by the United States to their attorney and receipt of which is hereby acknowledged.

9. Within 14 days of the United States receiving Katana's initial payment of $146,875.00 as specified in paragraph 6, the United States and Katana agree to stipulate to the dismissal with prejudice of Case No. 19-cv-00125, pursuant to Rule 41(a)(1)(A)(ii), contingent upon the issuance of a dismissal order incorporating a copy of the Settlement Agreement by reference and reflecting that the Court retains jurisdiction to enforce this Agreement. Each party shall bear its own costs, expenses, and attorney fees incurred in connection with this matter, including the preparation and performance of this Settlement Agreement.

10. In the event that Katana fails to pay the Settlement Amount as provided in paragraphs 6 and 7 above, Katana shall be in default of its payment obligations (Default). The United States will provide a written Notice of Default, and Katana shall have an opportunity to cure such Default within seven (7) calendar days from the date of receipt of the Notice of Default by making the payment due under the payment schedule. If Katana cures the Default by paying the unpaid payment before or within the noticed 7-day grace period, Katana shall not be in Default of this Agreement. If Katana fails to cure the Default within the seven (7) day grace period (Uncured Default), the unpaid balance of the Settlement Amount shall become accelerated and immediately due and payable (the Default Amount). Interest shall accrue on any unpaid Default Amount from the day following the expiration of the additional seven (7) day

3

grace period (the Date of Default) to the date the Default Amount is paid in full, with such interest accruing at the rate of 12% per annum, compounded daily from the Date of Default.

11. In the event of an Uncured Default as defined in paragraph 10, the United States may move for the entry of the proposed consent judgment for the Default Amount, plus interest as set forth in Paragraph 10, in the form attached (the Consent Judgment). Katana agrees not to oppose the United States' motion for entry of the Consent Judgment but reserves the right to contest whether Katana is in Default and to contest the amount that the United States alleges to be the Default Amount. After obtaining the Consent Judgment, the United States, in its sole discretion, may also exercise any available legal remedy, including but not limited to the following options, either individually or in concert: (1) offset any unpaid Default Amount from any amounts due and owing to Katana by any department, agency, or agent of the United States; or (2) exercise any other rights granted by law or equity, including the option of referring such matters for private collection. Katana agrees not to contest its obligation to pay any unpaid Default Amount with regard to any offset imposed or any collection action undertaken by the United States or other department, agency, or agent of the United States pursuant to this Paragraph, either administratively or in any state or Federal court.

12. Katana warrants that it shall not make any Transfer to any Related Person or Related Entity that would impair Katana's ability to make any payment identified in Paragraphs II or III of this Settlement Agreement. For the purposes of this Settlement Agreement, "Transfer" shall include any monetary payment, including salary, dividends, or other corporate distribution, as well as the acquisition of goods of services, for more than fair market value or the provision of goods or services for less than fair market value. For the purposes of this Settlement

4

Agreement, Related Person shall mean any director, officer, or shareholder of Katana, as well as their spouses, siblings, parents, and children; and "Related Entity" shall mean any business association for which any Related Person is a director, officer, or shareholder.

13. Katana further acknowledges that any Transfer identified in Paragraph 12 of this Settlement Agreement may be subject to recovery from the Transferee by the United States in the event of any Default as identified in Paragraph V of this Settlement Agreement.

14. Except as provided in paragraph 11, upon the effective date of this Settlement Agreement, Katana agrees to waive, release, and refrain from instituting or maintaining any claim, whether such a claim or cause of action is currently known or unknown, against the United States, or its employees, concerning any matter arising out of the action entitled *United States v. Katana Racing Inc.*, Case No. 19-cv-00125-LWW.

15. Except as provided in paragraphs 11, upon the effective date of this Settlement Agreement, the United States agrees to waive, release, and refrain from instituting, prosecuting, or maintaining any claim, civil claim or any demand for penalties or duties, whether such a claim or demand is currently known or unknown, against Katana concerning any of the entries subject to Case No. 19-cv-00125, currently pending before the United States Court of International Trade, or concerning any matter arising out of this action.

16. Specifically reserved and excluded from the scope and terms of this Settlement Agreement as to any entity or person are the following potential claims of the United States:

    a. Any civil, criminal, or administrative liability arising under Title 26, U.S. Code (Internal Revenue Code);

    b. Any criminal liability;

5

    c. Except as explicitly stated in this Settlement Agreement, any administrative liability or enforcement right, including but not limited to the suspension or debarment rights of any Federal agency;

    d. Any liability based upon obligations created by this Settlement Agreement.

17. Except as provided for herein, administrative and judicial claims arising from the breach of this Settlement Agreement are specifically excluded from the scope and terms of this Settlement Agreement.

18. The parties agree that this Settlement Agreement may not be altered, amended, modified, or otherwise changed except by a writing duly executed by the authorized representatives of United States and Katana. The parties further stipulate that this Settlement Agreement comprises the complete integration of the agreement and understanding of and between the United States and Katana, and supersedes any and all prior oral or written representations, understandings, or agreements between the United States and Katana.

19. Nothing in this Settlement Agreement shall preclude the United States from taking appropriate action (including issuance of claims for civil penalties and duties) against Katana with regard to any entries of merchandise not specifically covered by the action *United States v. Katana Racing, Inc.*, Case No. 19-cv-00125, currently pending before the United States Court of International Trade.

20. Pursuant to the Tax Cuts and Jobs Act § 13306(f)(2)(A)(ii), $2,350,000.00 of the Settlement Amount constitutes restitution of unpaid customs duties pursuant to 19 U.S.C. § 1592(d).

21. This Settlement Agreement shall bind the parties hereto, their officers, directors, employees, predecessors, subsidiaries, heirs, executors, administrators, agents, and assigns.

22. This Settlement Agreement is governed by the laws of the United States. For the purpose of construing this Settlement Agreement, the Settlement Agreement shall be deemed to have been drafted by all parties to the Settlement Agreement and shall not, therefore, be construed against any party for that reason in any subsequent dispute.

23. The parties mutually represent that each enters into this Settlement Agreement knowingly and voluntarily.

24. The effective date of this Settlement Agreement shall be the date the Court enters the dismissal order referenced in paragraph 9. As evidence of their consent to this Settlement Agreement, the parties, through their duly authorized representatives, sign below.

Katana Racing Inc., *doing business as Wheel & Tire Distributors*

By: _____/s/_____  Dated: May 28, 2025

By: _____/s/_____  Dated: 5/28, 2025
John M. Peterson
Neville Peterson, LLP
55 Broadway
One Exchange Plaza
Suite 2602
New York, NY 10006
(212) 635-2730
jpeterson@npwny.com

*Attorney for Defendant, Katana Racing, Inc.*

YAAKOV M. ROTH
Acting Assistant Attorney General

PATRICIA M. McCARTHY
Director

By: _____TARA HOGAN_____ Dated: 5/28, 2025
(Digitally signed by TARA HOGAN, Date: 2025.05.28 18:32:31 -04'00')
TARA K. HOGAN
Assistant Director
(Authorized representative of the Attorney General)

By: _____EMMA BOND_____ Dated: 5/28, 2025
(Digitally signed by EMMA BOND, Date: 2025.05.28 16:01:17 -04'00')
EMMA E. BOND
Senior Trial Counsel
Department of Justice
Civil Division
Commercial Litigation Branch
PO Box 480
Ben Franklin Station
Washington, DC 20044
(202) 305-2034
Emma.E.Bond@usdoj.gov

8

*Attorneys for Plaintiff, the United States*

IN THE UNITED STATES COURT OF INTERNATIONAL TRADE

BEFORE: THE HONORABLE LISA W. WANG, JUDGE

| | |
|---|---|
| UNITED STATES, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 19-cv-00125-LWW |
| ) | |
| KATANA RACING, INC., *doing business* ) | |
| *as* Wheel & Tire Distributors, ) | |
| ) | |
| Defendant. ) | |

## STIPULATION OF DISMISSAL

Pursuant to Fed. R. Civ. P. 41(a)(1)(A)(ii), plaintiff, the United States, and defendant, Katana Racing, Inc., doing business as Wheel & Tire Distributors, hereby stipulate that the above-captioned matter be dismissed with prejudice, with each party to bear its own attorney fees and costs, except as provided by the parties' Settlement Agreement, conditioned upon the Court issuing an order of dismissal incorporating the Settlement Agreement by reference and retaining jurisdiction to enforce the terms of the Settlement Agreement. *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375 (1994); *see also Nat. Resources Def. Council, Inc. v. Lutnick*, -- F. Supp. 3d -- , No. 24-00148, 2025 WL 900438, at *7 (Ct. Int'l Trade Mar. 25, 2025) (retaining jurisdiction to oversee compliance with settlement agreement in accordance with the parties' stipulation).

**IT IS SO ORDERED.**

Dated: _____                                    _____
                                                          The Honorable Lisa W. Wang

By: /s/ John M. Peterson          Dated: 5/28, 2025
John M. Peterson
Neville Peterson, LLP
55 Broadway
One Exchange Plaza
Suite 2602
New York, NY 10006
(212) 635-2730
Email: jpeterson@npwny.com

*Attorney for Defendant, Katana Racing, Inc.*

YAAKOV M. ROTH
Acting Assistant Attorney General

PATRICIA M. McCARTHY
Director

By: _____ Dated: _____, 2025
TARA K. HOGAN
Assistant Director


By: _____ Dated: _____, 2025
EMMA E. BOND
Senior Trial Counsel
Department of Justice
Civil Division
Commercial Litigation Branch
PO Box 480
Ben Franklin Station
Washington, DC 20044
Tel.: (202) 305-2034
Emma.E.Bond@usdoj.gov

*Attorneys for Plaintiff, the United States*

2

IN THE UNITED STATES COURT OF INTERNATIONAL TRADE

BEFORE: THE HONORABLE LISA W. WANG, JUDGE

| | |
|---|---|
| UNITED STATES, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 19-cv-00125-LWW |
| KATANA RACING, INC., *doing business as* Wheel & Tire Distributors, | ) ) ) ) |
| Defendant. | ) ) |

## CONSENT JUDGMENT

This matter is before the Court, having retained jurisdiction for the sole purpose of enforcing the settlement agreement reached by and between the parties resulting from mediation ordered by this Court.

The United States has moved for and filed this consent judgment. The consent of Katana Racing, Inc. (Katana) to entry of this judgment having been established by virtue of the settlement between the United States and Katana and the representations of the United States, the Court having reviewed the record now concludes as follows:

1. This consent judgment stems from the settlement of claims brought in this consolidated case by the United States pursuant to 19 U.S.C. § 1592.

2. The settlement between the United States and Katana required Katana to make a series of payments to the United States. Pursuant to the settlement, Katana agreed that the United States may move for the entry of this consent judgment for any unpaid balance due under the settlement, plus interest, in the event of a default not cured before or within the 7-day grace period. If Katana does not cure a default, the settlement provides that interest shall accrue at the rate of 12% per annum, compounded daily from the Date of Default.

3. The Court has found that: Katana is in default of the settlement for failing to timely meet its payment obligations as of _____; written notice of default has been given to Katana of such failure and that the additional 7-day grace period for Katana to cure the default has expired; and, the unpaid default amount is $_____, plus interest in the amount of $_____, for a total unpaid default amount of $_____.

**WHEREFORE, IT IS HEREBY ORDERED, ADJUDGED and DECREED** that judgement be entered in favor of the United States and against Katana in the amount of the total unpaid default amount.

**IT IS SO ORDERED.**

Dated: _____

_____
The Honorable Lisa W. Wang

By: _____  Dated: _____, 2025
      John M. Peterson
      Neville Peterson, LLP
      55 Broadway
      One Exchange Plaza
      Suite 2602
      New York, NY 10006
      (212) 635-2730
      Email: jpeterson@npwny.com

*Attorney for Defendant, Katana Racing, Inc.*

YAAKOV M. ROTH
Acting Assistant Attorney General

PATRICIA M. McCARTHY
Director

By: _____  Dated: _____, 2025
      TARA K. HOGAN
      Assistant Director

By: _____  Dated: _____, 2025
      EMMA E. BOND
      Senior Trial Counsel
      Department of Justice
      Civil Division
      Commercial Litigation Branch
      PO Box 480
      Ben Franklin Station
      Washington, DC 20044
      Tel.: (202) 305-2034
      Emma.E.Bond@usdoj.gov

*Attorneys for Plaintiff, the United States*